MICHAEL R. HALL
Nevada Bar No. 005978
mhall@lawhjc.com
STEPHEN D. STEELE
Nevada Bar No. 013965
ssteele@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 Peak Drive
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702) 316-4114

*Attorneys for Defendant, Travelers Casualty
and Surety Company of America*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SUEMIN YU, individually,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | CASE NO. 2:19-cv-01392-JCM-BNW<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY PENDING MEDIATION** |

Plaintiff SUEMIN YU ("Plaintiff"), and Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("Defendant"), by and through their respective counsel of record, hereby stipulate as follows:

1.  This case involves a UM/UIM breach of contract action deriving from an automobile accident that occurred on May 27, 2015, wherein Plaintiff's vehicle was struck by another vehicle that was uninsured. The complaint alleges that as a result of the accident Plaintiff has sustained physical injuries, and will require future medical care. According to Plaintiff's October 26, 2016, demand letter, Plaintiff has incurred over $61,503.36 in past medical specials, and has been recommended to undergo future chiropractic care, which will cost, at a minimum, approximately another $1,000.00 in future medical treatment; thus, the claimed medical specials alone is over $62,000.00 As a result of the collision, Plaintiff alleges muscle spasms, radicular pain, cervical sprain/strain, and limited range of motion. Through this

lawsuit, Plaintiff is seeking payment of the entire $250,000 UIM policy limit from Travelers.

2. This matter has been extensively litigated. Discovery completed to date includes completed written discovery requests, along with supplemental responses provided by Plaintiff, the deposition of Plaintiff, as well as multiple supplemental disclosures by Defendant.

3. To date, the parties have not engaged in any form of alternative dispute resolution or otherwise shared meaningful settlement discussions. However, both parties agree that the case has reached a juncture in which substantive settlement discussion may result in the complete resolution of the case. **To that end, the parties have agreed and scheduled private mediation with Jennifer Togliatti on January 16, 2020.** Although neither party can commit that a settlement will be reached, both parties attest that they will enter into and participate in the mediation in good faith and with sincere efforts to reach an agreement to resolve the case.

4. To save the parties from the need to invest resources in form of experts and other additional necessary discovery if the case does not settle, the parties stipulate to stay all proceedings in this case pending the completion of mediation in this case.

5. The applicable discovery deadlines are as follows:

| | |
|---|---|
| Amend pleadings/Add Parties: | Closed |
| Initial Experts: | December 16, 2019 |
| Interim Status Report: | December 16, 2019 |
| Rebuttal Expert Designations: | January 15, 2020 |
| Discovery Cutoff: | February 14, 2020 |
| Dispositive Motions: | March 13, 2020 |
| Joint Pre-Trial Order: | April 10, 2020 |

(or 30 days after resolution of dispositive motions)

6. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Landis v. N. Am. Co.***, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." ***Leyva v. Certified Grocers of***

*Cal., Ltd*., 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. ***CMAX, Inc. v. Hall***, 300 F.2d 265, 268 (9th Cir. 1962). A district court's decision to grant or deny a Landis stay is a matter of discretion. See ***Dependable Highway Exp., Inc. v. Navigators Ins***. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

7. The parties submit that an evaluation of the ***Landis*** factors weigh in favor of a stay. The most compelling factor weighing in favor of a stay is the good possibility that a settlement could be reached at mediation. Should such a settlement be reached, the case would be completely disposed of and dismissed. Additionally, issuing an order staying the case pending the outcome of mediation would save the parties from having to incur additional, potentially unnecessary litigation costs.

8. The parties stipulate that once the mediation occurs on January 16, 2020, they will file a joint status report within 14 days after the conclusion of the mediation to update the Court regarding the outcome of the settlement discussions. If the case resolves, the parties will promptly complete the necessary closing documents and file a Stipulation and Order for Dismissal. If the case does not settle, the parties will file a proposed Stipulation and Order with amended discovery deadlines.

**IT IS HEREBY STIPULATED:**

DATED this 4th day of December, 2019.   DATED this 4th day of December, 2019.

HALL JAFFE & CLAYTON, LLP   HICKS & BRASIER, PLLC

*/s/ Stephen D. Steele, Esq.*   */s/ Steven M. Rogers, Esq.*
MICHAEL R. HALL   STEVEN M. ROGERS
Nevada Bar No. 005978   Nevada Bar No. 010975
STEPHEN D. STEELE   2630 South Jones Blvd.
Nevada Bar No. 013965   Las Vegas, Nevada 89146
7425 Peak Drive   *Attorneys for Plaintiff*
Las Vegas, Nevada 89128
*Attorneys for Defendant*

*Suemin Yu vs. Travelers Casualty and Surety Co. of America*
2:19-cv-01392-JCM-BNW
*Stipulation and [Proposed] Order to Stay Discovery Pending Mediation*

### **[PROPOSED] ORDER**

In accordance with the stipulation of the parties, the Court orders as follows:

1. The current discovery deadlines will be stayed pending mediation between the parties on January 16, 2020;

2. Following mediation on January 16, 2020, the parties will file a joint status report within 14 days to update the Court regarding the outcome of the mediation If the case has resolved, the parties will promptly complete the necessary closing documents and file a Stipulation and Order for Dismissal. If the case does not settle, the parties will include with the Joint Status Report a proposed Stipulation and Order with amended discovery deadlines.

IT IS SO ORDERED:

Dated: December 5, 2019

_____
UNITED STATES MAGISTRATE JUDGE